[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14758
Non-Argument Calendar

_____

D.C. Docket Nos. 1:10-cv-03698-CAP,
1:05-cr-00324-CAP-JFK-6

ISRAEL CRUZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 7, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Israel Cruz, proceeding pro se, appeals the district court's denial of his 28

U.S.C. § 2255 motion to vacate his convictions and sentences.

Cruz was convicted of murder in aid of racketeering activity and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. §§ 924(c) and (j)(1).  We affirmed his convictions on direct appeal.  United States v. Flores, 572 F.3d 1254, 1271 (11th Cir. 2009).  Cruz filed a motion to vacate his convictions and sentences under 28 U.S.C. § 2255. The district court denied that motion, and we granted a certificate of appealability on two issues:

> (1) Whether the district court erred in determining that Cruz's counsel was not ineffective for essentially conceding in closing arguments that Cruz had shot and killed a person?
>
> (2) Whether the district court erred in determining that the prosecutor had not engaged in improper witness vouching during opening arguments that denied Cruz a fair trial?

In reviewing a district court's denial of a 28 U.S.C. § 2255 petition, we review its findings of fact for clear error and its legal conclusions de novo.  Garcia v. United States, 278 F.3d 1210, 1212 (11th Cir. 2002).

I.

Cruz first contends that he was provided ineffective assistance of counsel, in violation of the Sixth Amendment.  To succeed on an ineffective assistance of counsel claim, "a petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that counsel's deficient performance affected the

2

outcome of the trial." Michael v. Crosby, 430 F.3d 1310, 1319 (11th Cir. 2005) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984)). If we find that the lawyer's performance was not deficient, "we need not address the prejudice prong." Id.

The review of an attorney's performance is "highly deferential," and "no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances" would have acted as the attorney did. Id. at 1319–20 (quotation marks omitted). Counsel will not be deemed incompetent because of tactical decisions "as long as the approach taken 'might be considered sound trial strategy.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000).

Cruz claims that his attorney's performance was deficient because he conceded Cruz's guilt in closing argument. We disagree. At no point in his closing argument did Cruz's attorney concede Cruz's guilt. Cruz's attorney made it clear at the beginning of his closing argument that he would be discussing the facts as the government had presented them. He argued that the facts presented by the government showed that Cruz was "surrounded," so "[h]e's justified in doing what he did. Any of us would have done that." He further explained, "If I'm being attacked, or you, or anybody, and I take out my weapon and I fire it at my attacker . . . that is not malice murder."

3

The government's charge against Cruz of a violent crime in aid of racketeering activity was based on the underlying charge of murder as identified in Georgia Code Ann. § 16-5-1(a), which requires that the defendant act "with malice aforethought."  The attorney's decision to focus his closing argument on arguing that his client lacked the requisite malice was a tactical decision.  In light of the strong evidence supporting the government's allegation that Cruz fired the gun, such a decision was certainly not one that no reasonable attorney would make.  We need not address the prejudice prong, given that it is clear that Cruz's counsel did not provide deficient performance.

## II.

Cruz also contends that the government improperly vouched for several of its witnesses by stating that they would be giving truthful testimony.  We need not reach the merits of this claim because Cruz raises it for the first time with this § 2255 motion.  "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."  Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004).  A petitioner may avoid that procedural bar only if (1) he shows cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error or (2)

a constitutional violation has probably resulted in the conviction of one who is actually innocent.  Id. at 1234–35.

Cruz did not raise the improper witness vouching claim on direct appeal.  He has not made any argument in this Court showing cause for his failure to raise the issue on direct appeal, and he has not demonstrated actual prejudice from the government's statements, which merely explained the conditions of the plea agreements under which most of the witnesses were testifying.  Although Cruz claims innocence, there is no evidence that the alleged witness vouching resulted in the conviction of one who is actually innocent.  Therefore, Cruz's improper witness vouching claim is barred by the procedural default rule.

The district court's denial of Cruz's § 2255 motion is **AFFIRMED**.